IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**JoBeth Grier,**

    Plaintiff,

**v.**

**Wendy's of Colorado Springs, Inc.,**
**A Colorado corporation**

    Defendant.

## Complaint

COMES NOW Plaintiff, JoBeth Grier, and for her Complaint against Defendant, alleges the following:

### Introduction

1. This is an action brought to remedy disability discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112, and for retaliation, 42 U.S.C. § 12203.

### Jurisdiction

2. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 & 1343; 42 U.S.C. § 12117(a), which incorporates by reference Title VII

1

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and grants jurisdiction to this Court.

## Exhaustion of Administrative Remedies

3. All preconditions to jurisdiction under Section 706 of Title VII, 42 U.S.C. § 2000e-5(e)(1), have been satisfied.

4. Plaintiff filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission alleging disability discrimination on or about March 22, 2011, which was within 180 days of the discrimination against her.

5. Plaintiff received a Notice of Right to Sue on or about September 14, 2011 allowing her 90 days within which to bring an action under the Americans with Disabilities Act.

6. This action was commenced within 90 days of the issuance of the Notice of Right to Sue.

## Parties

7. JoBeth Grier is a resident of Colorado Springs, Colorado who was at all relevant times an Assistant Manager of a Wendy's Restaurant for Wendy's of Colorado Springs, Inc.

8. Plaintiff suffers from Rheumatoid Arthritis and Fibromyalgia, which are physical impairments.

9. Rheumatoid Arthritis and Fibromyalgia substantially limit Plaintiff in the major life activities of walking, standing, lifting and bending when she is not medicated.

10.     Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102(2).

11.     Plaintiff is an individual who was regarded as having an impairment which substantially limited major life activities within the meaning of 42 U.S.C. § 12102(1)(C).

12.     At all times relevant to the Complaint, Plaintiff could perform the essential functions of the position of Assistant Store Manager without accommodation.

13.     Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111(8).

14.     Defendant, Wendy's of Colorado Springs, Inc., is a Colorado Corporation with its principal place of business at 1515 North Academy Blvd., Colorado Springs, Colorado.

15.     Defendant, Wendy's of Colorado Springs, Inc., is a "covered entity" within the meaning 42 U.S.C. § 12111(2).

16.     Defendant, Wendy's of Colorado Springs, Inc., is an employer engaged in an "industry affecting commerce" within the meaning of 42 U.S.C. § 12111(5), and Title VII § 701(g), 42 U.S.C. § 2000e(g).

**General Allegations**

17.     At relevant times relevant to the Complaint Plaintiff worked under Defendant's General Manager, Machelle Cook, at 201 East Fillmore in Colorado Springs and General Manager, Michael Carter, 1541 South Nevada Avenue in Colorado Springs.

18.     On and after March 22, 2011 Plaintiff had a reasonable and good faith belief that she had been subjected to a hostile work environment by Ms. Cook.

19.     During her employment with Defendant Plaintiff had a reasonable and good faith belief that she had been discriminated against because of her disability by Ms. Cook.

20.     Plaintiff did not know why she was being subjected to hostile treatment by Ms. Cook.

21.     On or about February 25, 2011 Plaintiff learned that her confidential medical information was being maintained in violation of 29 C.F.R. § 1630.14(c)(1).

22.     On or about March 24, 2011 Plaintiff opposed an act or practice made unlawful by the ADA by filing a charge of discrimination with the United States Equal Employment Opportunity Commission.

23.     On or about March 1, 2011, after Plaintiff complained to Defendant's Human Resources Manager about discrimination, Plaintiff was transferred to the South Nevada store which was managed by Michael Carter.

24.     Following her transfer to the South Nevada store and from February 25, 2011 until April 11, 2011 Plaintiff had no counseling about her conduct or notice of any rule violation.

25.     Plaintiff was at all times in compliance with Defendant's prescription drug policy.

26.     On or about March 30, 2011 Defendant's Human Resources Manager, Alice Tomlin, after learning of Ms. Grier's charge of discrimination, and in retaliation for filing a charge of discrimination, imposed an additional requirement on Ms. Grier.

27.     Ms. Tomlin required that Ms. Grier's physician report to her that Plaintiff could safely perform the duties of Assistant Manager.

28.     The requirement set forth in paragraph 27 was not imposed upon employees who had not opposed discrimination by filing charges of discrimination with the United States Equal Employment Opportunity Commission.

29.     Upon information and belief on or about April 7, 2011 Maria Lerma, Defendant's Area Director, knew that Plaintiff had filed a charge of discrimination with the United States Equal Employment Opportunity Commission.

30.     Upon information and belief on or about April 7, 2011 Maria Lerma returned from vacation and communicated to Michael Carter her desire that Mr. Carter "write up" or discipline Ms. Grier.

31.     Prior to April 7, 2011 Mr. Carter had not "written up" Ms. Grier for any rule violation nor had he told her that she had violated any rule.

32.     During the week of April 10, 2011 Plaintiff's husband was traveling and Plaintiff asked her manager, Michael Carter, whether she could leave early if the store was not busy so that she could be home with her children in the evenings.

33.     Mr. Carter replied "Sure" and "just let me know."

34.     Ms. Grier mentioned the issue more than once to Mr. Carter who was very casual in his response to her.

35.     On April 10, 2011, after notifying Mr. Carter that she would be leaving early, Ms. Grier left the store before the end of her scheduled shift.

36.     On April 11, 2011, after notifying Mr. Carter that she would be leaving early, Ms. Grier left the store before the end of her scheduled shift.

37.     On April 13, 2011, after notifying Mr. Carter that she would be leaving early, Ms. Grier left the store before the end of her scheduled shift.

38.     It is not unusual for Wendy's managers, including Mr. Carter, to leave a store before the end of a scheduled shift so long as there is an appropriate manager or supervisor coverage in the store.

39.     Mr. Carter never disclosed to Ms. Grier that leaving early, with a manager's permission, was a rule violation. In fact, Mr. Carter affirmatively represented to Ms. Grier that it was "o.k." for her to leave early.

40.     Ms. Grier's attendance was monitored because she had opposed discrimination.

41.     Employees who had not complained about discrimination were not monitored in a similar manner.

42.     On April 16, 2011 Ms. Grier's employment was terminated.

43.     Defendant represented to Plaintiff at the time her employment was terminated that her employment was being terminated because she left the store early without permission.

44.     The true reason why Plaintiff's employment was terminated was because she opposed discrimination by filing a charge of discrimination with the United States Equal Employment Opportunity Commission.

45.     Defendant's actions constitutes discrimination against Plaintiff due to her disability or because she was regarded as having a disability in violation of ADA § 102(b)(1), 42 U.S.C. § 12,112(b)(1).

46.     Defendant's actions constitute unlawful retaliation against Plaintiff due to her opposition to discrimination in violation of 42 U.S.C. §12203.

47.     Defendant, through its agent, acted with malice or with reckless indifference toward Plaintiff's federally protected rights.

48.     As the result of Defendant, Wendy's of Colorado Springs, Inc.'s actions Plaintiff incurred damages and suffered and continues to suffer mental anguish, pain and suffering and other nonpecuniary losses.

### First Cause of Action (42 U.S.C. § 12112)

49.     Plaintiff realleges all prior paragraphs and incorporates them herein.

50.     Defendant's acts and omissions violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12,112.

### Second Cause of Action (42 U.S.C. § 12203)

51.     Plaintiff realleges all prior paragraphs and incorporates them herein.

52.     Defendant's acts and omissions violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12203.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

a.     Nominal damages;

b.     Back pay and front pay in lieu of reinstatement;

c.     Compensatory damages for Plaintiff's mental anguish, pain and suffering and other nonpecuniary losses;

   d. Punitive damages;

   e. Pre- and post-judgment interest at the highest rate allowed by law;

   f. Costs and reasonable attorneys fees; and

   g. All other legal or equitable relief to which Plaintiff is entitled.

## Jury Demand

**Plaintiff requests this matter be tried by a jury.**

  Respectfully submitted this 25th day of October, 2011.

                CORNISH & DELL'OLIO

                s/Donna Dell'Olio
                Donna Dell'Olio #10887
                Cornish & Dell'Olio
                431 N. Cascade Ave. Suite 1
                Colorado Springs, CO 80903
                719-475-1204
                719-475-1264 (fax)
                ddellolio@cornishanddellolio.com

Plaintiff's Address:
3918 Languid Lane
Colorado Springs, CO 80917